# EXHIBIT A

STATE OF MINNESOTA      DISTRICT COURT-CIVIL DIVISION
COUNTY OF HENNEPIN      FOURTH JUDICIAL DIST...

---

Damien__ Lashaun Nelson,      Civil File Number: 27-CV-24-13217
Temporary Mailing Address:
970 Pickett Street North
Bayport, Minnesota 55003
         Claimant,

vs.
CENTER FOR REPRODUCTIVE MEDICINE
& ADVANCED REPRODUCTIVE TECHNOLOGIES,
Joshua Kapfhamer, M.D.,M.A.,(Both Capacities)
& Attorney Advisors,

Known Mailing Address:
2828 Chicago Avenue South #400
Minneapolis, Minnesota 55407,

         Defendant(s),

---

THIS SUMMONS IS DIRECTED TO (CRM) CENTER FOR REPRODUCTIVE MEDICINE
& ADVANCED REPRODUCTIVE TECHNOLOGIES, Joshua kapfhamer, and
their Attorney Advisor(s).

1.) YOU ARE BEING SUED.

2.) YOU MUST REPLY WITHIN 30 DAYS TO PROTECT YOUR RIGHTS.

3.) YOU MUST RESPOND TO EACH CLAIM.

4.) YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE
TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.

5.) YOU MAY WISH TO GET LEGAL ASSISTANCE.

6.) ALTERNATIVE DISPUTE RESOLUTION IS OPTIONAL.


Dated:Safar 19,1446        FOR/BY:
                 DAMIEN LASHAUN NELSON
                 @BAYPORT, MINNESOTA USA
                 WASHINGTON COUNTY

     SIGNED UNDER PENALTY OF PERJURY...

STATE OF MINNESOTA

DISTRICT COURT-CIVIL DIVISION

COUNTY OF HENNEPIN

FOURTH JUDICIAL DIST.

---

Damien Lashaun Nelson,
Temporary Mailing Address:
970 Pickett Street North
Bayprot, Minnesota 55003
                    Claimant,
vs.

Civil File Number: 27-CU-24-13217

CENTER FOR REPRODUCTIVE MEDICINE
& ADVANCED REPRODUCTIVE TECHNOLOGIES,
Joshua Kapfhamer, M.D.,M.A.,(Both Capacities)
& Attorney Advisors,

Known Mailing Address:
2828 Chicago Avenue South #400
Minneapolis, Minnesota 55407

                    Defendant(s),

---

   Plaintiff for his Complaint against the Defendant(s) state
and alleges the following:

## COUNT ONE

### BREACH OF CONTRACT

1.   This is a civil and equity action for damages arising out
of a/from a breach of contract,breach of covenant,commercial
torts,dehumanization,amongst others,resulting from the action(s)
of Defendant(s), seperately or collectively, on or about April
18,2024.

2.)   Claimant is a state prisoner incarcerated at MCF-STW.

3.)   Claimant moved Center for Reproductive Medicine (CRM),
and Doctor Kapfhamer to assist him in completing artificial
essimination through their provided services.

4.)   Claimant and his partner(s) disclosed to CRM and Doctor
Kapfhamer that he intended to have multiple women and potential
surrogate(s) participating in the artificial essimination and
they (Defendant(s)) agreed to do business w/ claimant.

5.)   CRM and Doctor Kapfhamer agreed to provide services to
Damien on or about 10/23/2023 & continued to interact w/
claimant making promises to contract along the way.

6.)   Claimant informed the Defendant(s) Doctor Kapfhamer that
he was pulling funds and ready to transfer appropriate monies
to CRM immediately to start the processes.

7.)   CRM spontaneously ended the agreement after question-
ing Claimant about his religious and familial beliefs of polygamy.

8.)    The Defendant(s) CRM & Kapfmaer reneged on the agreement as a result of Claimant's Religious and Familal preferences & the Attorney Advisors recommended those Defendant(s) that they could breach the agreement under the guise of denying all prisoner(s) services.

9.)    Claimant had to go through an extreme vetting process to get the State Correctional Administration to approve the procedure. Claimant had to go through an extreme vetting process to get the surrogate and significant other(s) to get on board and agree to the procedure.

10.)   On April 18,2024 the Defendant(s) informed Claimant that they will not perform and the Attorney Advisor motivated that decision.

## BREACH

11.)   CRM, Joshua and the Attorney Advisors breached the contrac through an anticipatory breach and or anticipatory repudiation when the doctor, entity and advisor(s), reneged or advocated reneging on their initial agreement w/ or w/o bad faith as a direct result of Claimant's fam「lal and religious preferences , of polygamy.

12.)   There was an active agreement to do business w/ Claimant although he was seeking to have multiple partner(s)...

13.)   The active agreement was breached flagrantly and inconsistent w/ public policy and principles of equity.The breach shocks the conscience.

14.)   The breach was or was not motivated by a discrimination against Islamic ideology of polygamy, which shocks the conscience and gives indecency.

15.)   An agreement in principle was made when the Doctor and CRM agreed to do business despite claimant personal preferences. The two reneged in bad faith when they reneged from their earlier commitment.

## BREACH OF COVENANT

16.)   All allegations above are restated here.

17.)   Their was an active covenant (promise) and or contract to do business w/ claimant that was breahed flagrantly and inconsistent w/ public policy and principles of equity.

18.)   CRM,Kapfmaer breach the covenant and or contract through an anticipatory breach and or anticipatory repudiation. The Attorney Advisors aided and abetted and or motivated the breach through recommending the other Defendant(s) to cease doing business w/ all inmates to justify the breach, although the breach was pursued to discriminate against the institution of polygamy, 」and or  Islam and or the Islamic culture, and or Black Hip Hop culture that embraces polygamy.

## DAMAGES

19.)   Claimant suffered emotional-distress/pain/and suffering through humiliation,anguish,fury,dehumanization, amongst other

impressions, as a direct result of the Defendant(s) actions.
Being unable to procreate due to a personal preference held
by defendant(s) against others beliefs of polygamy dehumanized
Claimant. It also has caused additional emotional distress
which had led to mental health issues.

20.)   The actions by Defendant(s) which ultimately led to the
breach has caused a ripple-effect because it has ruined intimate
relationships held by the Claimant.

<u>CONCLUSION</u>

WHEREFORE THE CLAIMANT CLAIMS DAMAGES IN THE AMOUNT OF 3.3 MILLI-
ON AND THE FOLLOWING RELIEF AS FURTHER SET FORTH BELOW:

    Claimant seek relief as follows:
A.) Monetary Damages.
B.) Attorney Fees.
C.) Legal Assistance fees aside from Attorney fees.
D.) Costs.
E.) Prejudgment and Postjudgment interest.
F.) Declarative relief.


    This matter is within the jurisdiction of this court.


    Of this writ, with my doings thereon, will make due service.
    Dated Safar 20,1446 @Bayport,Minnesota

The allegations and facts are presented under oath and penalty
of perjury under the laws of the United States of America and
consistent w/ the laws of the state.

                                    /s/ _Damien J. L. Safar 20,
                                                            1446
                        signed under penalty of perjury
                           By/For:Damien Lashaun Nelson     (Aug, 24 2024)
                           Temp. Mailing Address:
                           970 Pickett Street North
                           Bayport,Minnesota USA

                    ACKNOWLEDGEMENT
    The above signed hereby acknowledges that costs,disbursments,
and witness fees may be awarded pursuant to Minnesota Statute
Section 549.211,Subdivision 3 to the party against whom the alle-
gations in this pleading are asserted.

Subject: Civil Complaint

Filed in District Court
State of Minnesota          27-CV-24-13217

2024 SEP -6 A 11: 43

Greetings,

Enclosed for filing is a Civil Verified Complaint, Summons, In Forma Pauperis Application.

Your Attention to this Matter is Appreciated,

/s/ Amen ____ h. Safar 24, 1446

Claimant
Damien Loshaun Nelson
Temp. Mailing Address:
    970 Pickett Street North
Bayport, Minnesota USA

**State of Minnesota**

County of Hennepin

 Fourth Judicial District

**District Court**

Court File Number: 27-CV-24-13217

Case Type: Contract

---

Damien Lashaun Nelson

vs

Center for Reproductive Medicine & Advanced Reproductive Technologies, Joshua Kapfhamer, M.D., M.A. (Both Capacities) & Attorney Advisors

**Order Regarding Inmate's Fee Waiver Request**

Minn. Stat. § 563.02

---

Based on the affidavit of the applicant, Damien Lashaun Nelson, the evidence before the Court, and the authority of Minn. Stat. § 563.01, the Court FINDS:

> The applicant has not provided a monthly statement, issued by the commissioner of corrections, that shows the balance of his inmate account. This statement is required per Minn. Stat. § 563.02, subd. 2(a)(2)(iii).

**IT IS ORDERED:**

> The record shall be kept open until 11/05/2024 to allow the applicant to submit additional evidence to the Court.  If the applicant does not submit additional evidence by this date, the case will be closed.

Recommended by:

BY THE COURT:

_____
Referee of District Court        Date

_____
Judge of District Court        Date

09/06/2024

---

*Order Regarding Fee Waiver Request*



RECEIVED
09/27/2024

Plain
Copies

# Minnesota Judicial Branch Copy Request Form

## To: Central Records Department

**Name:**  Hennepin County District Court

**Address:**  300 South Sixth Street

**City/State/Zip:**  Minneapolis, Minnesota 55487

---

**Name:** Damien Lashaun Nelson

(1) 27CV-19-20891, 27CV-19-2899(2)

**Court File No:**  27-CV-24-13917 (3)

**Document Description/Request:**

1. Register of Actions

2. Register of Actions

3. Register of Actions

4.

5.

I am requesting (1) plain copy each to be sent by U.S. mail to the below address. Thank you and have a nice day.

Damien Lashaun Nelson OID# 243200
970 Pickett Street N.
Bayport, MN 55003

Send To: ~~Copy Company (955-3)~~          **Date:** Sep. 9 , 2024
~~6929 Osgood Ave. North~~
~~Stillwater, MN 55082~~

pg. 1

**State of Minnesota**                                                **District Court**

County of Hennepin                          Court File Number: 27-CV-24-13217

 Fourth Judicial District                          Case Type: Contract

Damien Lashaun Nelson vs Center for Reproductive Medicine & Advanced Reproductive Technologies, Joshua Kapfhamer, M.D., M.A. (Both Capacities) & Attorney Advisors

---

## Order Granting Fee Waiver Request

Based on the affidavit of the applicant, Damien Lashaun Nelson, and the authority of Minn. Stat. § 563.01, the Court FINDS:

1. The applicant's claims are not frivolous, and the applicant meets at least 1 of the 3 eligibility criteria listed under Minn. Stat. § 563.01, subd. 3(b):
   - Receives public assistance as described in Minn. Stat. § 550.37, subd. 14;
   - Is represented by an attorney on behalf of a civil legal services program or volunteer attorney program based on indigency; and/or
   - Has an annual income less than or equal to 125% of the poverty line.

**IT IS ORDERED THAT:**

1. The applicant shall not be required to pay any fees, costs, and security to obtain copies of the documents requested.

Recommended by:                                        BY THE COURT:

_____                        _____

Referee of District Court        Date        Judge of District Court        Date

                                                                                09/19/2024

*Order Regarding Fee Waiver Request*

Filed in District Court
State of Minnesota
9/19/2024 2:27 PM

State of Minnesota
Hennepin County

District Court
Fourth Judicial District

**Court File Number: 27-CV-24-13217**
Case Type: Contract

**Notice of Judicial Assignment-
General Civil Block Cases**

FILE COPY

**Damien Lashaun Nelson vs Center for Reproductive Medicine & Advanced Reproductive Technologies, Joshua Kapfhamer, M.D., M.A. (Both Capacities) & Attorney Advisors**

Date Case Filed: September 06, 2024
All future papers must include the above file number, name of assigned judge, attorney identification number, and must otherwise conform to format requirements or they will be returned.

This case is assigned the following judicial officer for all further proceedings:

**District Court Judge Thomas J. Conley**
612-348-0732

**Mailing Address:** 300 South Sixth Street, MC 332, Minneapolis, MN 55487-0332

**Parties**: If you receive this notice and have obtained an attorney, notify him/her of this assignment immediately.

**Attorneys**: Only the first listed attorney for a party is being sent this notice. If you are the attorney receiving this notice, contact all other attorneys representing your party of the judge assignment and requirements.

The filing attorney/party is responsible for notifying all attorneys/parties not listed on the Civil Cover Sheet of the judge assignment and requirements.

Per Supreme Court order, e-filing is mandatory in this case for all attorneys and government agencies. Unrepresented parties are excluded by this order. Attorneys or government agencies must also e-serve all documents required or permitted to be served on other attorneys or government agencies. Upon receipt of this notice, attorneys and government agencies shall immediately add their firm/agency's service contact(s) for this case to the e-filing system. For further information on e-filing, go to: http://www.mncourts.gov/district/4/?page=3953.

All future hearings and trial dates will be scheduled by the courtroom staff. Check with the Court Display Monitors on the Public Service Level for the location on the day of the hearing.

A notice to remove this judicial officer must comply with Minnesota Rules of Civil Procedure 63.03 and Minnesota Statute § 542.16.

Failure to timely file any required document or other failure to comply with the General Rules of Practice for the District Courts may result in the impositions of sanctions, including possible dismissal of the case or striking of the Answer.

The Minnesota Supreme Court has adopted time objectives for the disposition of civil cases. The Fourth Judicial District adheres to these objectives which are: 90% of the cases should be disposed of within 12 months, 97% within 18 months, and 99% within 24 months of filing.

Dated: September 19, 2024

Court Administrator
Hennepin County District Court

cc:   Damien Lashaun Nelson

Center for Reproductive Medicine & Advanced Reproductive Technologies

Joshua Kapfhamer

Filed in District Court
State of Minnesota

Page 6 of 6

The following Certificate of Authorized Prison Official must be completed and filed with a prisoner's Application to Proceed without Prepayment of Fees and Affidavit for all incarcerated applicants. *See* 28 U.S.C. § 1915(a)(2) (a prisoner who applies to proceed without prepayment of fees must provide a certified copy of the trust fund account statement "obtained from the appropriate official of each prison at which the prisoner is or was confined"). The information provided below will be used by the Court in determining the proper initial partial filing fee as defined under 28 U.S.C. § 1915(b).

## CERTIFICATE of AUTHORIZED PRISON OFFICIAL

I, Makaela Hattenberger , certify that the incarcerated applicant

Damien Welson (name of applicant) has the sum of $ 0.00 on account to

his/her credit at MCF - Stillwater (name of institution) . I further certify that the

applicant named herein has the following securities to his/her credit:

Gate = $481.04

Savings = $0.00

I further certify that in the 6-month period immediately preceding the filing of the complaint/petition/motion or

notice of appeal, the average monthly deposits to the applicant's trust fund prison account was

$ 460.80 , and the average monthly balance in the prisoner's account was

$ 97.54 .

9/6/24
DATE

Makaela Hattenberger
SIGNATURE OF AUTHORIZED OFFICIAL

State of Minnesota
Hennepin County

District Court
Fourth Judicial District

**Mailing Label**

MINNESOTA CORRECTIONAL FACILITY - STILLWATER
ATTN: WARDEN WILLIAM BOLIN
970 PICKETT AVE N
BAYPORT, MN 55003

Please find enclosed, documents from Hennepin County Court Administration.

Dated: **09/06/2024**

District Court Administration
Hennepin County District Court
300 South Sixth Street
Minneapolis MN  55487-0332
612-348-6000



27-CV-24-13217

Filed in District Court
State of Minnesota
9/6/2024 3:00 PM

**State of Minnesota**
County of Hennepin
Fourth Judicial District

2024 SEP 23  A  10:40

**District Court**
Court File Number: 27-CV-24-13217

Case Type: Contract

---

Damien Lashaun Nelson

vs

Center for Reproductive Medicine & Advanced
Reproductive Technologies, Joshua Kapfhamer,
M.D., M.A. (Both Capacities) & Attorney Advisors

**Order Regarding Inmate's
Fee Waiver Request**
Minn. Stat. § 563.02

---

Based on the affidavit of the applicant, Damien Lashaun Nelson, the evidence before the Court, and the authority of Minn. Stat. § 563.01, the Court FINDS:

The applicant has not provided a monthly statement, issued by the commissioner of corrections, that shows the balance of his inmate account. This statement is required per Minn. Stat. § 563.02, subd. 2(a)(2)(iii).

**IT IS ORDERED:**

The record shall be kept open until 11/05/2024 to allow the applicant to submit additional evidence to the Court. If the applicant does not submit additional evidence by this date, the case will be closed.

Recommended by:

Draeger, Amy
2024.09.06
14:30:11 -05'00'

Referee of District Court          Date

BY THE COURT:

Judge of District Court          Date

09/06/2024

# Minnesota Judicial Branch Copy Request Form

**Requestor's Information** (list address where you would like the form mailed if requesting by U.S. Mail)

Name: Damien Lashaun Nelson
Date: 9-24-24
Address: 970 Pickett Street North. OID# 243200
Phone: 101-653-4522
City, State, Zip: Bayport, MN 55003-1489
Email: Damien.Lashaun1989@gmail.com

## Case Information

**RECEIVED** 10/4/24 Plain

### Case Type

- [x] Civil
- [ ] Criminal
- [ ] Juvenile
- [ ] Family
- [x] Conciliation
- [ ] Probate/Guardianship/Conservatorship/Mental Health

**Court File Number:** ① 27-CV-19-20841, ② 27-CV-19-2899, ③ 27-CV-24-13217 Center for Reproductive (CfM)

You may be able to find case information and court documents on Minnesota Court Records Online (MCRO) (mncourts.gov/Access-Case-Records).

If you do not know the court file number, enter as much information as you can, including the county where the case is located.

### Parties in the Case

Plaintiff/Petitioner: ③ - case no. 13217 Damien Lashaun Nelson is Plaintiff other parties listed Defendant

Defendant/Respondent: ① - 20841  ② - 2899  Brewer Nelson Entertainment, LLC, are Defendants.

For criminal records, include the Defendant's date of birth: _____

Other parties, if applicable: Freedom Marie Brewer, Brewer Nelson Entertainment, LLC, North Fourth Minneapolis, LLC, Marquee Properties, LLC, CfM

### Documents and Types of Copies
Twin Cities Entertainment, LLC, Aqua Nightclub - MN Lawsuit filing for all ] separate Don't have case No.

List the documents you want in the table below. If you do not know the document title, describe the document the best you can. Attach more pages if necessary.

Types of Copies Available:
- Plain (no fee)
- Certified (with a raised seal) ($14 per document)
  - A multi-page certified document will be stapled. Removing the staple means the document is no longer considered certified.
- Exemplified (with signatures of judicial officer and court administrator) ($14 per document)
- Certified/Exemplified (with a raised seal and signatures of judicial officer and court administrator) ($28 per document)

| Document Name or Description (include the date and/or index number, if known) | Type of Copy (Plain, Certified, or Certified/Exemplified) | Number of Copies Requested | Cost |
|---|---|---|---|
| There are 3 cases listed as ①②③ | | | |
| Example: Divorce Decree (Dec. 2020) | Certified | 1 | $14.00 |
| Summons & complaint - civil (All 3 cases) | Plain | 2 if not 1 | 0 |
| All filing that were filed in (all 3 cases) | Plain | 2 if not 1 | 0 |
| All order of Judgements (All 3 cases) | Plain | 2 | 0 |
| Exhibits in All (3 cases listed) | Plain | 2 | 0 |
| Everything filed in entire case (3 cases) | Plain | 2 | 0 |
| Small Claim IFP & packet | Plain | 2 | 0 |
| Small claims civil court packet | Plain | 2 | 0 |
| Twin Cities Entertainment LLC | Plain | 2 | 0 |
| Aqua Nightclub All filings | Plain | 2 if not copies then 1 copy | 0 |

## Delivery Options

☑ U.S. Mail (at the address above)     ☐ Fax*: _____

☐ Pick up                             ☑ Email*: Damien.Lashaun1989@gmail.com

☐ Other (prepaid FedEx, UPS, etc.; must include a prepaid label): _____

*Plain copy and non-confidential documents only.

**Send completed Copy Request Form and payment to Court Administration in the county where the case was filed.** Find contact information at www.mncourts.gov/Find-Courts.aspx.

MINNESOTA JUDICIAL BRANCH

STATE OF MINNESOTA

Filed in District Court
State of Minnesota

DISTRICT COURT

COUNTY OF HENNEPIN

2024 OCT 30   A 11: 03 FOURTH JUDICIAL DISTRICT

Case Type: Contract

---

Damien Lashaun Nelson
   Plaintiff,

v.

Center For Reproductive Medicine &
Advanced Reproductive Technologies,
Joshua Kapfhamer, M.D, M.A
 (Both Capacities) & Attorney Advisors
   Defendant(s).

Court File No: 27-CV-24-13217

AMENDED
**COMPLAINT AND
DEMAND FOR JURY TRIAL**

---

Plaintiff For His Complaint, Plaintiff Damien Lashaun Nelson, by and through himself, and or Attorneys, Legal Assistance(s) Against The Defendant(s) States and Alleges As Following:

### Introduction

Leaning on **IVF** through **Artificial Insemination** after back to back tragedy. Even a devastating life altering change couldn't stop Damien Lashaun Nelson from wanting to sire children through **Artificial Insemination.**

**Damien Lashaun Nelson** who first sought **IVF treatment** with his ex-wife **Freedom M. Brewer in 2017 and January of 2018** with Center For Reproductive Medicine & Advanced Reproductive Technologies **(www.ivfminnesota.com)** who where members of the clients/patients of the IVF Clinic located in Minneapolis, Minnesota. **2023 Damien Lashaun Nelson** reached back out to the same IVF Clinic where he went to *sire children*

1

with his ex-wife in seek of their service again. But this time he was incarcerated at a

Minnesota Department of Correction **(DOC)** facility and had received the news from

other **DOC Incarcerated Persons (IP)** and **DOC Officials** that IP's can **Sire Children**

through **Artificial Insemination, and it happen to be the same IVF Clinic** he worked

with previously amongst the list of **IVF Clinic that provided their service to IP's who**

**were incarcerated and wanted to sire children** which some were successful in the

*Procedure Process.* **Damien** who was so excited about the news reached out to his case

worker to request the **DOC policy** 500.135A Private Health Care Forms were he would

go on to fill these forms out in hopes to also start the procedure process with **MNDOC &**

**IVF Clinic. Damien Lashaun Nelson** who is an **Islamic Muslim** contacted the

**Defendant(s)** and stated he wished to try the **IVF procedure** with a new partner **(Name**

**is considered Confidential Unless Needed).  Plaintiff** asked **Defendant(s)** employees in

the billing dept. to update his contact information with new credit card info, insurance

being the same, email address, and phone number and current address etc. And then

Plaintiff ask to use the same Doctor from his previous visits at the clinic in 2017 and

2018 and found out that his Doctor him and his ex-wife used those years had retired. And

**Damien** would have to use a new **Fertility Doctor** with his **New Partner(s).** He also

asked brief questions and stated he was incarcerated and he wanted to also see if he

would be allowed to come to their facility clinic, were the **clinic** stated they deal with

**incarcerated persons all the time**, and it wouldn't be a problem providing their service

to **Plaintiff** and his **Partner(s). Plaintiff** partner did her 1st **New patient consultation**

and her follow up appointments with Dr. Joshua Kapfhamer, M.D, M.A were Damien

2

Nelson was able to sit in on the appointments via speaker phone from the Minnesota DOC -Rush City were the **plaintiff** ask Dr. Joshua Kapfhamer, M.D, M.A questions on how to prepare for his semen analysis with their **Andrology Lab** and Dr. Joshua Kapfhamer, M.D, M.A Informed **Nelson**, Defendant(s) will work with *Minnesota Department Of Correction* **(DOC)** on setting up an appointment with the **Andrology Lab** and that it shouldn't be a problem. The Defendant(s) knew that the **Plaintiff** was Incarcerated as the **Plaintiff** stated to Defendant(s) several times. **Plaintiff** partner **(Name is considered Confidential, Unless Needed)** also had given Dr. Joshua Kapfhamer, M.D, M.A forms to signs agreeing to provide their services the **Plaintiff** which also included the Letter to Private Health Care Provider (500.135B) were it stated: *If you agree to Provide Your Services, Please Sign this Letter Below And Send it To: MCF RUSH CITY*

Dr. Joshua Kapfhamer, M.D, M.A signed the forms on October 23, 2023 and faxed it to MCF-RUSH CITY case manager Michael Brown. But due to the fax being to hard to read the Case Manager requested another copy via email, The Fertility Clinic emailed a copy to **(Name is considered Confidential, Unless Needed)** the plaintiff partner and she forwarded the email to the Plaintiff **Case Manager Michael Brown** to begin the process of getting the DOC to approve it. Previous weeks before on October 05, 2023, the plaintiff **agreed to accept full financial responsibility** for any services provided to him by the Defendant(s) who service he requested solely.

After papers were submitted it became a waiting for Approval process from 4

administrators with 1 of them being the warden who has the final say of approval. As

plaintiff waited for approval he was transferred November 27, 2023 to **MCF-Stillwater**

closer to the cities and the **Defendant(s)** clinic. Once **Damien Lashaun Nelson** got to the

facility he contacted his new case manger **Mr. Steven Renstrom** about the

sought process of his **private health care approval.** Mr. Renstrom stated he had to

resubmit the forms since **Mr. Nelson** had transferred to a new facility. **Mr. Nelson** ask

for his case manager to resubmit the forms to the administrators at the **MCF-Stillwater**

Prison, were it became a long waiting game. Mr. Nelson had wanted to do this because he

was going blind and was diagnosed with **severe stage glaucoma, severe cataract, and**

**severe cornea damage** that he had undergone more than 5 surgeries to date and still have

several *pending surgeries to undergo*. **Damien Lashaun Nelson** life alter change of going

blind was a difficult process to deal with on top of his major depression disorder etc. Mr.

**Damien Lashaun Nelson** had **lost his newborn daughter in 2021** and lost her mother

**Nicole Marie Sosa** in 2022 in a car crash **in San Jose, California.** In the ensuing days,

months, years, at the extent of his injuries and mental health and trying not to go into

panic mode. **Damien** had wanted to sire children after hearing through another inmate

that had happen to use the same fertility clinic that him and his ex-wife used previous

years ago which is **Center for Reproductive Medicine & Advanced Reproductive**

**Technologies.** It couldn't have come at a perfect timing, Damien consider this a blessing

in disguise after doing his research he found hope. As the waiting game continued

Damien partner continued to see Dr. **Joshua Kapfhamer, M.D, M.A** on checkups and

updated him on the process that the private health care request was still under advisement. Months later it was denied 3 to 1 decision in January 2024. Nelson didn't want to tell his partner but ultimately did were she and other(s) took the news pretty bad, but Nelson stated he would appeal the decision all the way up to the DOC commissioner if he had to, and if again he's denied he would file a civil suit against DOC for violation of constitutional rights due to the prison refusal of his request to artificial inseminate his partner(s) while incarcerated. Damien had appeal DOC decision where it became another waiting game that was difficult but necessary. A long 4 months that the appeal was under further review and CRM was updated occasionally on the appeal process during Nelson partner(s) checkups or phone calls. Then by surprise **Warden William Bolin** stated **via** kite; ***Mr. Nelson, This Request has been reviewed and approved. Please work with your case manager to have the appropriate paperwork and procedure followed as it pertains to*** DOC policy 500.135 Private Health Care

Then, Mr. Nelson case manager came also to give him the good news and stated he was already in the talks with the Defendant(s) on the logistic but told Mr. Nelson he would need to pay an undisclosed amount for DOC transportation and staffing cost for 2 officers. Round trip **Mileage 55.58** to the clinic **andrology lab** in Mpls. **Mr. Nelson** told the news to his Partner who was excited and called the Defendant(s) with the good news and let the Defendant(s) know we can proceed with the IVF process. Mr. Nelson had also called the Defendants.

Plaintiff brings this action and ask the courts to restrain Defendant(s) from further unconstitutional conduct. Plaintiff also brings this action and ask the courts to hold the Defendant responsible for its acts and ask the courts to award plaintiff relief it deem necessary to assert its statutory rights to damages caused by the defendants breach of contract and its expenses that incurred.

## Parties

1. Plaintiff: **Damien Lashaun Nelson ("Damien Lashaun")** is a **Minnesota**
   Resident who lives in the city of Bayport. Plaintiff is a well-known *Multi Genre*
   *Music Artist & Songwriter, Fashion Model & Designer, Business Advisor,*
   *Social Media Influencer, Actor, and Business Entrepreneur who makes a living*
   *off of Multi Business Ventures, Deals, Tours, Music Streams, Brands and/or*
   *Sponsors endorsements.*

2. Defendant: **Center for Reproductive Medicine & Advanced Reproductive Technologies**, is a Corporate Entity in the **state of Minnesota**.

3. Defendant: **Joshua Kapfhamer, M.D, M.A whom is employed as a *Medical Doctor* by the Center for Reproductive Medicine & Advanced Reproductive Technologies**, and is a resident in the **state of Minnesota**.

## Jurisdiction

**The Court has Subject-Matter Jurisdiction over Plaintiffs Claims under Minnesota Statutory authority against unlawful acts.**

## Venue

**Venue is Proper under Minnesota Statutory Authority. The Actions in which injures and harm/damages occurred in Hennepin County. This action is best resolved in the County of Hennepin**

## CLAIMS:

### COUNT 1: BREACH OF CONTRACT

1. Plaintiff restate and reallege all previous paragraphs of this complaint.

2. This is a civil and equity action for damages arising out of a/from a breach of contract, breach of covenant, commercial torts, dehumanization, amongst others, resulting from the action(s) of Defendant(s), separately or collectively, on or about April 18, 2024.

3. Plaintiff is a state prisoner incarcerated at **MCF- Stillwater.**

4. Plaintiff moved **Center for Reproductive Medicine & Advanced Reproductive Technologies (CRM)**, and **Joshua Kapfhamer, M.D, M.A to assist** him in completing artificial insemination through their provided services.

5. **Plaintiff and his partner(s) disclosed** to CRM and Doctor Kapfhamer that he intended to have multiple women and potential surrogate(s) participating in the artificial insemination and they **Defendant(s) agreed** to do business w/ Plaintiff.

6. CRM and Doctor Kapfhamer **agreed to provide services** to **Damien Lashaun Nelson** on or about October 23, 2023 & continued to interact w/ Plaintiff making promises to contract along the way.

7. **Plaintiff informed** the Defendant(s) **Doctor Kapfhamer** that he was pulling funds and ready to transfer appropriate monies to **CRM & Gestational Carrier(s)** immediately to start the processes.

8. CRM spontaneously ended the agreement after questioning Plaintiff about his religious and familial beliefs of polygamy.

9. The Defendant(s) CRM and Doctor Kapfhamer reneged on the agreement as a result of Plaintiff's Religious and Familial preferences & the Attorney Advisors recommended those Defendant(s) that they could breach the agreement under guise of denying all prisoner(s) services.

10. Plaintiff had to go through an extreme vetting process to get the State Correctional Administration to approve the procedure. Plaintiff had to go through an extreme vetting process to get the surrogate(s) and significant other(s) to get on board and agree to the procedure.

11. On April 18th 2024 the Defendant(s) informed Plaintiff that they will not perform and the Attorney Advisor motivated that Decision.

## COUNT 2: BREACH

1. Plaintiff restate and reallege all previous paragraphs of this complaint.

2. CRM and Doctor Kapfhamer and the Attorney Advisor breached the contract through an anticipatory breach and or anticipatory repudiation when the doctor, entity and advisor(s), reneged or advocated reneging on their initial agreement w/ or w/o bad faith as a direct result of Plaintiff 's familial and religious preferences, of polygamy.

3. There was an active agreement to do business w/Plaintiff although he was seeking to have multiple partner(s)….

4. The active agreement was breached flagrantly and inconsistent w/public policy and principles of equity. The breach shocks the conscience.

5. The breach was or was not motivated by a **discrimination** against **Islamic Ideology** of polygamy, which shocks the conscience and gives indecency.

6. An agreement in the principle was made when the Doctor and CRM agreed to do business despite Plaintiff personal preferences. The two reneged in bad faith when they reneged from their earlier commitment.

## COUNT 3: BREACH OF COVENANT

1. Plaintiff restate and reallege all previous paragraphs of this complaint.

2. All allegations above are restated here.

3. There was an **active covenant** (promise) and or contract to do business w/ Plaintiff that was **breached flagrantly** and **inconsistent w/ public policy** and **principles of equity.**

4. CRM and Doctor Kapfhamer **breach the covenant** and or **contract** through an **anticipatory breach** and or **anticipatory repudiation**. The Attorney Advisors aided and abetted and or motivated the breach through recommending the other **Defendant(s)** to cease doing **business w/ all inmates** to **justify the breach**, although the breach was pursued to **discriminate against** the **institution** of **polygamy**, and or **Islam** and or the **Islamic culture**, and or **Black Hip Hop culture** that **embraces polygamy**.

**COUNT 4:**

4. Plaintiff restate and reallege all previous paragraphs of this complaint.

**COUNT 5:**

5. Plaintiff restate and reallege all previous paragraphs of this complaint.

## DAMAGES:

Plaintiff suffered emotional-distress/pain and suffering though humiliation, anguish, fury, dehumanization, amongst other impressions, as a direct result of the Defendant(s) actions Being unable to procreate due to a personal preference held by defendant(s) against others beliefs of polygamy dehumanized Plaintiff. It also has caused additional emotional distress which had led to mental health issues.

The actions by defendant(s) which is ultimately led to the breach has caused a ripple-effect because it has ruined intimate relationship held by the Plaintiff.



## Prayer For Relief

**Wherefore,** Plaintiff, individually defined herein, prays for relief as follows:

A. A temporary restraining order ***barring*** **Defendants** from engaging in Unconstitutional conduct targeting **Damien Lashaun Nelson** and those whom are affiliated, as set forth in the proposed order accompanying plaintiff motion for a temporary restraining order.

B. A preliminary injunction ***barring*** **Defendants** from engaging in Unconstitutional conduct targeting **Damien Lashaun Nelson** and those whom are affiliated, as set forth in the proposed order accompanying plaintiff motion for a temporary restraining order.

C. Monetary Relief to **exceed $100,000 U.S Dollars, but not to exceed $3.3 Million U.S.D.** which should be paid jointly by each Defendants in both capacities.

D. Compensatory Damages to **exceed $100,000 U.S Dollars, Damien Lashaun Nelson** lost businesses, lost bonuses, missed career opportunities, lost fans, employees, lost clients and additional expenses from Defendants unlawful acts.

E. General Damages to **exceed $150,000 U.S Dollars**

F. Personal and Advertising Injury Liability to **exceed $350,000 U.S Dollars**

G. Actual Damages to **exceed $150,000 U.S Dollars**

H. Punitive Damages to **exceed $100,000 U.S Dollars**

I.  A permanent injunction *__barring__* **Defendants** from engaging in Unconstitutional conduct targeting **Damien Lashaun Nelson** and those whom are affiliated, as set forth in the proposed order accompanying plaintiff motion for a temporary restraining order.

J.  Damages Compensating Plaintiff for his Injuries, including but not limited to **compensatory, pecuniary, mental health expense damages** and **medical expense damages;**

K.  An award of pre-judgement & post judgment interest;

L.  An award of attorney fees and cost pursuant to 42 U.S.C § 1988;

M.  A **Gag Order** *__barring__* **Defendants** from proscribing extrajudicial statements any **lawyer, party, witness, court officials,** or **law enforcement officer** concerning this case, until further order of this court as set for the proposed order accompanying Plaintiff's Motion for **Gag Order Motion** for **Protective Order** against publicity.

N.  Public apology and retraction statement to be made by Defendant(s).

O.  Declarative relief.

P.  Cost.

Q.  Attorney fees.

R.  Legal Assistance Fees aside from Attorney fees.

**Jury Demand**

Plaintiff demands a trial by jury of all issues triable pursuant to Rule 38 of the Federal Rules of Civil Procedures.

Dated: 10 / 23/2024                         /s/ *Damien Lashaun Nelson*

Signed under the penalty of perjury

Damien Lashaun Nelson

Pro Se

Temp. Mailing Address

970 Pickett Street N.

Bayport, Minnesota 55003-1489

Email: Damien.Lashaun1989@Gmail.com

Phone No. (901).653.4522

## Acknowledgement

**The above hereby Acknowledges that cost, disbursements, and witness fee may be awarded pursuant to Minnesota statute Section 549.211, Subdivision 3 to the party against whom the allegation in the pleading are asserted.**

17

Greetings Court Administrator,

Please file this Amended Complaint w/ the Court. Per the IFP Order please send me copies of the In Forma Pauperis Order (3) copies, (3) Copies Of the Original Complaint & Summons & (3) Copies of the Amended Complaint.

Thanks for your attention to the Matter,

/s/ [signature]

2024 OCT 30 A 11: 03

Filed in District Court
State of Minnesota